**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY HENDARSIN GUNAWAN, | No. 05-77432 |
| Petitioner, | Agency No. A095-575-492 |
| v. | |
| ERIC H. HOLDER JR., United States Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 28, 2011**
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,*** Senior District
Judge.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Lewis A. Kaplan, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Henry Hendarsin Gunawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction to review this petition under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence and its legal determinations de novo. *See, e.g.*, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny Gunawan's petition for review.

Substantial evidence supports the agency's finding that Gunawan's past experiences in Indonesia, taken cumulatively, do not rise to the level of persecution. *See id.* at 1060 (holding that, although Wakkary had been beaten and robbed on two occasions and accosted by a hostile mob, the evidence did not compel a conclusion of past persecution); *see also Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (noting that incidents which included being forced to strip naked by students and being beaten by a mob of anti-Chinese rioters, along with other examples of mistreatment, did not compel a finding of past persecution).

Substantial evidence supports the agency's determination that Gunawan failed to demonstrate a well-founded fear of persecution also. *See, e.g.*, *Lolong v. Gonzales*, 484 F.3d 1173, 1179 (9th Cir. 2007) (*en banc*) (holding that "general, undifferentiated

2

claim . . . does not render an alien eligible for asylum"). Although the record shows that Gunawan is a member of a disfavored group, it does not compel the conclusion that he established a well-founded fear of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir. 2004).

Further, as Gunawan failed to show the well-founded fear of persecution required for asylum, he necessarily failed to show the clear probability of persecution required for withholding of removal. *See, e.g.*, *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

As Gunawan did not raise any arguments regarding the agency's denial of CAT relief, those claims are deemed abandoned. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

Finally, because Gunawan did not seek review of the BIA's March 2, 2006, denial of his motion for reconsideration, this court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(b)(1); *Andia v. Ashcroft*, 359 F.3d 1181, 1183 n.3 (9th Cir. 2004) (per curiam) (noting that the BIA's denial of a motion to reconsider is a separate action that must be appealed separately for this court to have jurisdiction).

**Petition for review DENIED in part and DISMISSED in part.**

3